■ PEERLESS INSURANCE COMPANY, Appellant, v DANIEL M. CERUTTI et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered July 7, 1976 in Rensselaer County, which denied plaintiff's motion for summary judgment. In this action for declaratory relief, plaintiff seeks a determination that a policy of insurance which it issued to defendant James A. Appel is inapplicable to a loss which occurred on July 20, 1971 as a result of an oil burner explosion in the basement of the residence of defendants Daniel M. and Marlene Cerutti. On the day of the explosion Appel, who was in the oil burner cleaning business under the name Appel's Burner Service, had apparently cleaned and serviced the Cerutti's furnace pursuant to an arrangement with defendant McEwan Oil Company with whom the Ceruttis had contracted for the cleaning and routine maintenance

of their heating equipment. Alleging that Appel had completed his work and left the premises prior to the explosion, plaintiff argued at Special Term that it was absolved from any liability relative to the loss by the express terms of exclusions contained in Appel's insurance policy. Accordingly, it moved for summary judgment, but Special Term denied the motion upon finding that additional pretrial examinations of parties defendant were necessary for full disclosure of the facts and that the record raised factual issues as to the intended coverage of Appel's policy. This appeal ensued. We cannot agree with the plaintiff that the testimony of Appel, at his examination before trial, to the effect that he had completed his work and left the premises entitles it to summary judgment. Issues concerning the intended coverage, the relationship between Appel and McEwan, and the meaning of "completed operations" are presented, and a separate action by Appel for reformation of the insurance contract upon the grounds of misrepresentation or fraud on the part of Peerless and its agent has been commenced. In addition, there is an issue of fact as to whether the almost 11-month delay, from the time plaintiff had notice of the accident until it disclaimed coverage, was reasonable. Under all of these circumstances, the denial of summary judgment was proper (*Phillips v Kantor & Co.,* 31 NY2d 307). Order affirmed, with costs. Greenblott, J. P., Kane, Mahoney, Main and Herlihy, JJ., concur.